IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-03191

PATRICK ANINIBA,

Plaintiff

v.

AURORA PUBLIC SCHOOLS

Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Patrick Aniniba ("Plaintiff"), by and through his attorneys, Miller & Law, PC, and for his Complaint and Jury Demand against the Defendant, Aurora Public Schools, states as follows:

### NATURE OF THE ACTION

This action is brought to redress the Defendant's violation of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq.* (the "Rehabilitation Act"), and under section 504, 29 U.S.C. §794, in particular. Specifically, Plaintiff alleges that, in violation of the Rehabilitation Act, Defendant engaged in unlawful employment practices on the basis of Plaintiff's Nigerian national origin/ancestry and a perceived disability, as well as in retaliation for Plaintiff having complained about discriminatory comments.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343 and the Rehabilitation Act, §§504 and 505, 29 U.S.C. §§794 and 794a. The unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States

District Court for the District of Colorado and venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## ADMINISTRATIVE PREREQUISTIES

2.To the extent that there were applicable procedural prerequisites for bringing Rehabilitation Act claims, Plaintiff complied with any such prerequisites for bringing this lawsuit before commencing the instant litigation.

3.On or about October 13, 2021 Plaintiff filed a charge of employment discrimination and retaliation with the Employment Opportunity Commission ("EEOC").

4.By final notice dated July 14, 2022, Plaintiff was issued a Notice of Right to Sue by the EEOC.

5.Pursuant to an agreement between the parties, Plaintiff's 90-day filing deadline following issuance of the Right-to-Sue-Notice was tolled through December 9, 2022 pursuant to an agreement between the parties.

6.This Complaint has been filed within the requisite 90-day period, as that deadline was tolled pursuant to the parties' agreement; therefore, under 42 U.S.C. §2000e-5(f)(1), Plaintiff has satisfied all procedural prerequisites for suing Defendant in federal court.

## PARTIES

7.Plaintiff Patrick Aniniba ("Mr. Aniniba") is an individual resident of Colorado with a residential address of 433 Racine Street, Aurora, Colorado 80011.

8.Defendant Aurora Public Schools ("APS"), with a primary business address of 1250 Chambers Road, Aurora, Colorado 80011, is a duly and regularly organized public school district within the State of Colorado pursuant to C.R.S. § 22-32-101, and, as such, is a body corporate and political subdivision of the State of Colorado with authority to sue and be sued. APS

is governed by APS Board of Education pursuant to C.R.S. § 22-32-103. APS employs more than 500 employees.

## GENERAL ALLEGATIONS

9.  APS provides public education services to K-12 students in Aurora, Colorado.

10. At the time of his April 13, 2021 discharge, Plaintiff had been employed by APS since July 2015, and as a Cross Categorical Paraeducator at Hinkley High School ("Hinkley"), which is part of APS, since August 10, 2020.

11. While at Hinkley, Plaintiff was supervised by Emily Nickerson ("Ms. Nickerson"), Assistant Principal.

12. On or about October 4, 2020, Plaintiff objected to disciminatory remarks made about one of his students of color; a Paraprofessional employed by APS had referred to the student as an "animal" and/or as a "monkey."

13. In the wake of Plaintiff's complaint to APS regarding the discriminatory remarks, APS – directly or through its agents – began harassing Plaintiff and subjecting him to unequal terms and conditions of employment, as compared with his similarly situated colleagues who did not share his protected characteristics and/or who were not known to have engagaged in the protected activity of having objected to discrimination.

14. On or about January 28, 2021 and thereafter, Plaintiff was harassed and subjected to unequal terms and conditions of employment based on his national origin/ancestry (Nigeria) and/or a perceived disability (physical impairments), and/or in retaliation for having engaged in a protected activity.

15. In particular, on or about January 28, 2021, and again on February 10, 2021, while working, Plaintiff was photographed without his permission by Paraprofessionals who were

employed by APS.

16. On or about March 3, 2021, Defendant reassigned Plaintiff to another classroom so that APS could monitor his work performance.

17. On or about March 4, 2021, Plaintiff's supervisor, Ms. Nickerson, falsely claimed that Mr. Aniniba was less engaged than his colleagues because his camera was turned off, despite the fact that APS allowed Mr. Aniniba's colleagues to work with their cameras turned off. Ms. Nickerson further falsely maintained that Mr. Aniniba was sleeping on the job as a result of what she perceived to be a disability.

18. APS issued a written reprimand to Plaintiff on March 4, 2021.

19. On information and belief, Plaintiff's March 4, 2021 discipline by APS was based on his protected characteristics and/or in retaliation for having engaged in a protected activity.

20. APS issued a second written reprimand on March 31, 2021 and suspended his employment.

21. On information and belief, Plaintiff's March 31, 2021 discipline by APS was based on his protected characteristics and/or in retaliation for having engaged in a protected activity.

22. On or about April 13, 2021, APS issued a third written reprimand to Plaintiff, falsely claiming that Plaintiff was taking photographs and/or recording his colleagues without their permission, notwithstanding that Plaintiff's colleagues had not been disciplined by the Defendant for having taken photographs and/or recordings of Plaintiff without his permission.

23. On information and belief, Plaintiff's April 13, 2021 discipline by APS was based on his protected characteristics and/or in retaliation for having engaged in a protected activity.

24. On May 13, 2021, APS terminated Plaintiff's employment.

25. On information and belief, APS's May 13, 2021 termination of Plaintiff's

employment was motivated by discriminatory and/or retaliatory animus, in violation of the Rehabilitation Act.

26. APS's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

27. As a direct and proximate result of the foregoing events, Plaintiff suffered lost income and benefits, including through the loss of his job and promotional opportunities.

28. As a direct and proximate result of the foregoing events, Plaintiff also suffered emotional distress and humiliation, including damage to his reputation.

## CLAIMS FOR RELIEF

### First Claim For Relief
### National Origin/Ancestry Discrimination, in Violation of the Rehabilitation Act

29. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff satisfactorily performed the functions and requirements of his job at all times relevant to this Complaint.

31. Defendant, either directly or by and through its agents, discriminated against Plaintiff because of his Nigerian national origin/ancestry.

32. Defendant is liable for the acts and/or omissions of its agents and employees, including its Paraprofessionals and its Assistant Principal.

33. Defendant's unlawful employment practices include, without limitation, the direct perpetuation of discrimination and harassment of Plaintiff by Defendant's management and coworkers, Defendant's failure to protect Plaintiff from discrimination and harassment at the hands of management and coworkers, Defendant's disparate treatment of Plaintiff from similarly-

5

situated colleagues who are not of Nigerian national origin/ancestry, and Defendant's termination of Plaintiff's employment, all of which denied Plaintiff equal terms and conditions of employment and otherwise adversely affected his employment status because of his Nigerian national origin/ancestry.

34. Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

35. As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, humiliation, damage to his reputation, and mental pain and anguish.

## Second Claim For Relief
**Disability Discrimination, in Violation of the Rehabilitation Act**

36. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

37. APS is an entity that receives federal financial assistance and is a covered entity for purposes of §504 of the Rehabilitation Act; as such, APS is prohibited from discriminating against any "qualified individual with a disability."

38. The ADA, at 42 U.S.C. § 12132, extends the nondiscrimination rule of Section 504 of the Rehabilitation Act to services provided by any "public entity," without regard to whether the entity is a recipient of federal funds.

39. On information and belief, APS perceived Plaintiff to be a qualified individual with a disability that substantially limits one or more of his major life activities and/or major bodily.

40. Plaintiff had the requisite qualifications to perform and did perform the essential

functions of the job for which he was hired (with or without reasonable accommodation), and he held and desired to continue to hold his job with APS.

41. APS violated section 504 of the Rehabilitation Act, 29 U.S.C. §794, by terminating Plaintiff because of his perceived disability.

42. APS's discriminatory actions also included, but were not limited to: (i) deliberately targeting Plaintiff for mistreatment and harassment as a result of his perceived disability, (ii) limiting, segregating, or classifying Plaintiff in a way that adversely affected his opportunities or status because of his perceived disability; (iii) utilizing standards, criteria, or methods of administration that had the effect of discrimination on the basis of his perceived disability; (iv) subjecting Plaintiff to reprimands and other discipline on the basis of his perceived disability; and/or (v) denying employment opportunities to Plaintiff on the basis of his perceived disability.

43. As a consequence of APS's discrimination, Plaintiff suffered, and continues to suffer, irreparable injury and damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

## Third Claim For Relief
### Retaliation, in Violation of the Rehabilitation Act

44. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

45. Plaintiff was subjected to retaliation for engaging in opposition to discrimination, in violation of 42 U.S.C. §2000e-3, including being terminated from his employment for complaining about discriminatory treatment.

46. Plaintiff's protected conduct was a motivating factor in Defendant's retaliatory conduct, including its decision to terminate Plaintiff's employment, and its decision to treat

Plaintiff in a disparate fashion from one or more similarly situated coworkers.

47. Defendant's asserted reason for terminating Plaintiff's employment was a pretext for illegal retaliation by Defendant and/or its agents.

48. Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

49. As a consequence of Defendant's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, humiliation, damage to his reputation, and mental pain and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant, and award him the following relief, to the fullest extent allowed by law:

i. Actual monetary damages for all injuries suffered by Plaintiff in an amount to be determined at trial, including but not limited to, damages for lost past and future wages and employment benefits;
ii. Compensatory damages on all claims allowed by law and in an amount to be determined at trial;
iii. Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;
iv. Pre- and post-judgment interest at the highest lawful rate; and
v. Any further relief that this court deems just and proper, and any other relief as allowed by law.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 9th day of December 2022.

                                            **MILLER AND LAW, P.C.**

                                            **By: /s/ David J. Meretta**
David J. Meretta
Colorado Bar No. 44409
1900 W. Littleton Blvd.
Littleton, CO 80120
(303) 722-6500
(303) 722-9270 fax
djm@millerandlaw.com


Plaintiff's Address:
433 Racine Street
Aurora, CO 80011

9