**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-03191-NYW-NRN

PATRICK EMODI ANINIBA,[1]

     Plaintiff,

v.

AURORA PUBLIC SCHOOLS,

     Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter, issued on June 28, 2024 (the "Recommendation"). [Doc. 68]. Judge Neureiter recommends dismissing Plaintiff's Second Amended Complaint for failure to state a claim. [*See id.*].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id.* at 12]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 28, 2024, and objections were due by July 12, 2024. On July 8, 2024, the Court docketed a letter from Plaintiff which acknowledged receipt of the Recommendation and requested that this Court set a jury trial, suggesting that any legal issues could be adjudicated during trial.[2] *See* [Doc. 69]. Plaintiff's letter contained no substantive objection to Judge Neureiter's legal analysis.

---

[1] The Clerk of Court is **DIRECTED** to update the docket to reflect Plaintiff's full name.

[2] Based on his recommendation of dismissal, Judge Neureiter has denied several other requests submitted by Plaintiff with respect to setting a trial. *See* [Doc. 70].

*See* [*id*.].    The Court has allowed additional time for objection based on Plaintiff's representation that he received the Recommendation on July 6, 2024, *see* [*id.* at 1], but no objections have been received.   Accordingly, no Party has substantively objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.   *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").    In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.   Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1)    The Recommendation of United States Magistrate Judge N. Reid Neureiter [Doc. 68] is **ADOPTED**;

(2)    Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 52] is **GRANTED**;

(3)    The Second Amended Complaint [Doc. 51] is **DISMISSED without**

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

**prejudice**;[4]

(4)    The Clerk of Court is **DIRECTED** to close this case; and

(5)    The Clerk of Court shall mail a copy of this Order to:

Patrick Emodi Aniniba
433 Racine Street
Aurora, CO 80011

DATED: July 29, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[4] Defendant seeks dismissal with prejudice, [Doc. 52 at 14], but does not explain why that is appropriate. The Court respectfully declines to speculate about, or craft, any argument that might justify dismissal with prejudice, particularly given that Defendant has been represented by able counsel since the inception of this case. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants).